IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JEREMY DEAN #1854427 | § | |
| v. | § | CIVIL ACTION NO. 5:14cv44 |
| DAWN MERCHANT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jeremy Dean, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Telford Unit Wardens Dawn Merchant and Jeffrey Calfee, Captain Frederick Gooden, and officers Michael Pressnells, Jimmy Woolery, Anthony Gulley, and Phillip Ramey. Merchant and Calfee have previously been dismissed.

Dean complained of four uses of force, a false disciplinary case, the denial of "basic human needs" on two separate occasions, and retaliation. The Defendants filed a motion for summary judgment based on failure to exhaust administrative remedies, to which Dean filed a response. Both parties also furnished summary judgment evidence.

After review of the pleadings and evidence, the Magistrate Judge issued a report recommending the motion for summary judgment be granted as to three of Dean's four claims based on failure to exhaust. The Magistrate Judge also recommended the remaining claim be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

1

In his objections to the Magistrate Judge's report, Dean insists he exhausted his administrative remedies. He contends his Step One and Step Two grievances provided prison officials with a fair opportunity to address his complaints, and other grievances he filed were destroyed.

Dean cites grievance no. 2014045460, but this Step One grievance concerned the loss of his property; Dean only briefly mentioned the use of force without providing any details concerning the incident or even identifying the officer involved. His entire reference to the use of force in this grievance reads: "On or the about [sic] date above around 10:50 a.m. use of force was use [sic] on me, I had some of my property on me like my white commissary cup, my ID chain and ID holder and when all of the above unnecessary UOF took place all my property came off of me on to 8 L sallyport floor after force." Dean then discusses at length how his property was lost, and he has been unable to get it back. The action requested to resolve his complaint was for "Captain Frederick Gooden or Kimberly Haney or TDCJ referred [sic] my money or buy me some more boots/shorts and get me the rest of my property please, thank you God bless."

While Dean provided more details about the use of force in the Step Two appeal of the grievance, the Magistrate Judge concluded Dean could not file a Step One grievance about loss of property and convert it on appeal to a grievance about a use of force. *See* Randle v. Woods, 299 F.App'x 466, 2008 WL 4933754 (5th Cir., November 19, 2008) (TDCJ regulations permit only one issue per grievance and new claims cannot be presented for the first time at Step Two). Dean contends he is not required to name the officer involved in the grievance, but the Step One grievance only gave TDCJ officials a fair opportunity to resolve Dean's property complaint, not the use of force claim. This objection is without merit.

The Magistrate Judge correctly determined Dean's conclusory allegations about grievances being destroyed were insufficient to excuse the exhaustion requirement.

With regard to the allegedly false disciplinary case, Dean complains the Magistrate Judge did not have him provide more details concerning his retaliation claim. The record shows Dean amended his complaint twice, giving him ample opportunity to set out facts in support of his retaliation claim. Dean did not set out any facts concerning his retaliation claim in his objections, nor show what he would have pleaded had he been able to amend his complaint a third time. This objection is without merit.

Dean goes on to assert the Magistrate Judge is "allying with the defendants" and the Magistrate Judge's decision was based on "who the defendants are and where the plaintiff is and where he is located." This contention also lacks merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report and Recommendation of the Magistrate Judge (docket no. 44) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (docket no. 35) is **GRANTED** as to the Plaintiff's claims concerning use of force, retaliation, and denial of basic human needs. These claims are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that the Plaintiff's claim concerning the allegedly false disciplinary case of April 1, 2014 is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Clerk shall send a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 20th day of April, 2015.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE